UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES O. YOUNG,

      Plaintiff,

v.                                                  Case # 25-CV-6079-FPG
                                                      ORDER
MONROE COUNTY, et al.,

      Defendants.
_____

*Pro se* Plaintiff James Young is a prisoner confined at the Upstate Correctional Facility. Plaintiff filed an action in this District on June 12, 2024, and moved to proceed *in forma pauperis* ("IFP"). *See Young v. Monroe County*, No. 24-cv-6366 (W.D.N.Y. June 12, 2024). Plaintiff's IFP motion was denied and the case administratively terminated with the right to reopen because Plaintiff failed to submit a completed and signed prison certification in which the requisite prison official set forth information concerning Plaintiff's inmate trust fund account statement. The Court gave Plaintiff 30 days to submit the prison certification or pay the filing and administrative fees ($405.00). Before the Court dismissed that case without prejudice, Plaintiff had submitted three additional IFP applications, each time omitting the prison certification, and each time being given another opportunity to submit it. When Plaintiff filed the third incomplete application, the Court advised Plaintiff that he could refile (not reopen) the action and, if he did so and moved to proceed IFP, he must submit (1) a complete motion to proceed IFP with the required certification of his inmate account (or institutional equivalent) and authorization form. *Id.* When, several months later, Plaintiff filed an amended complaint along with an incomplete motion to proceed IFP, the

Court directed the Clerk of Court to open the instant action and file the amended complaint and IFP motion as the opening documents in this action.

The Court now addresses Plaintiff's IFP motion, ECF No. 2, in the instant case. As the Court explained in the four orders entered in the previous case, a party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $55.00 administrative fee.[1] If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed IFP under 28 U.S.C. § 1915.

A complete application to proceed IFP includes: (a) an affidavit or affirmation detailing the prisoner's assets and liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee (pages 1 and 2 of the form motion); (b) certification of his inmate trust fund account completed by a prison official (located at the bottom of page 2 of the form motion); and (c) a signed authorization form.

Here, Plaintiff has filed a signed authorization form and a copy of his inmate account statement for the period ending November 29, 2024, which sets forth his ending balance and 20 percent of the six-month spendable balance. ECF No. 2. Plaintiff's IFP application is incomplete because it does not include an affidavit or affirmation detailing his assets and liabilities and swearing under oath that he is unable to pay the $350.00 filing fee and a certification of his inmate trust fund account completed by a prison official. To proceed with this case, Plaintiff must submit an affidavit or affirmation detailing his assets and liabilities and swearing under oath that he is unable to pay the $350.00 filing fee and a certification of his inmate trust fund account completed by a prison official. This means that Plaintiff must complete both pages of the form motion to

---

[1] *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

proceed IFP; the certification section at the bottom of page 2 of the form must be completed and signed by a prison official.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall administratively terminate this action without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff a form motion to proceed IFP; and it is further

ORDERED that **if Plaintiff wishes to reopen this action, he shall, no later than 30 days from the date of this Order, complete and submit both pages of the form motion to proceed IFP. The certification section at the bottom of page 2 of the form must be completed and signed by a prison official.** If Plaintiff is unable to obtain the certification, he must file a signed affidavit explaining his efforts to obtain the signed certification. Alternatively, Plaintiff may pay the $350.00 filing fee and the $55.00 administrative fee ($405.00 total); and it is further

ORDERED that upon Plaintiff's submission of either the affidavit or affirmation and certification or $405.00, the Clerk of Court shall reopen this case without further order; and it is further

ORDERED that because Plaintiff did not properly commence this action, this Court defers the mandatory screening process under 28 U.S.C. § 1915A until this case is reopened—if, in fact, it is reopened; and it is further

ORDERED that if this action is reopened and Plaintiff is granted permission to proceed IFP and the case is then dismissed, installment payments of the filing fee under 28 U.S.C. § 1915 will continue until the filing fee is paid in full, and Plaintiff will not be permitted to obtain a refund; and it is further

ORDERED that if Plaintiff does not submit the affidavit or affirmation and a completed and signed certification or pay $405.00 within 30 days from the date of this Order, this case will be dismissed without prejudice without further order. *See Leonard v. Lacy,* 88 F.3d 181, 187-88 (2d Cir. 1996); and it is further

ORDERED that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:   February 11, 2025
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE