UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES O. YOUNG,

                                    25-CV-6079-FPG

v.

                                    DECISION & ORDER

MONROE COUNTY, ET AL.,

                            Defendants.

## INTRODUCTION

*Pro se* Plaintiff James O. Young brings this civil rights action against Defendants Sergeant Prince ("Prince") and Corporal Thorpe ("Thorpe") pursuant to 42 U.S.C. § 1983. Plaintiff alleges that these Monroe County Jail officials failed to protect him from assault by other inmates. ECF No. 1. Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Plaintiff opposes the motion. ECF No. 14. For the reasons that follow, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

1

For purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). The Court may also review any "documents that the plaintiff[] either possessed or knew about and upon which [he] relied in bringing the [action]." *Id.* "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).

## BACKGROUND

In his complaint, Plaintiff alleges that in October 2022[1], he was incarcerated at the Monroe County Jail. ECF No. 1 at 5-6. On October 4, 2022, Plaintiff heard Defendant Prince yell, "move him out of [the Towers and] to the [FRAME]!!" ECF No. 1-1 at 4-5. Plaintiff believes a "duty order" was given for Defendant Thorpe to move Plaintiff. *Id.* at 5. On October 5, 2022, Thorpe told Plaintiff he was being re-housed to the FRAME. *Id.* at 7.  Plaintiff explained to Thorpe that he would be in "extreme danger" in the FRAME based on his charges. *Id.* As soon as Plaintiff was taken to the FRAME, an inmate recognized Plaintiff and began yelling "threats of death immediately." *Id.* at 7-8. The Housing Deputy came to the cell gate and told the whole unit that "if anyone touched Plaintiff[, he] would lock them in for two days." *Id.* at 8. Inmates responded, "2 days? F**k lock me in for a month right now then. Cuz I'll kill his azz!!" *Id.* The Housing Deputy stated, "stay here," and closed Plaintiff in between the two bar doors at the exit for his safety. *Id.* Ultimately, he was moved into the "FRAME" anyway, and he was assaulted. *Id.* at 8-9.

---

[1] Although Plaintiff states that the events giving rise to his claims occurred "around or close to October of 2023," ECF No. 1 at 5, in his declaration, Plaintiff describes the incident as occurring in October 2022, *i.e.,* ECF No. 1-1 at 3, 5, 7-8, 10. Thus, the Court concludes the events giving rise to Plaintiff's claims took place in 2022, and not 2023.

The injuries from the assault include hearing loss and gum pain on the right side of his mouth. ECF No. 1 at 5. On February 4, 2025, Plaintiff brought the present action in this Court for failure to protect against Defendants Prince and Thorpe in both their individual and official capacities. ECF No. 1.[2]

**DISCUSSION**

Defendants Prince and Thorpe move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). ECF No. 10. They argue that Plaintiff's complaint should be dismissed because (1) Plaintiff's claims against Defendants in their official capacity cannot proceed, ECF No. 10-2 at 5; (2) Plaintiff did not exhaust his administrative remedies, *id.* at 6; and (3) Defendants are entitled to qualified immunity, *id.* at 9. For the reasons discussed below, the Court grants Defendants' Motion to Dismiss insofar as the claims against Defendants in their official capacity shall be dismissed. However, it is not clear from the face of the papers that Plaintiff has not exhausted his administrative remedies nor that Defendants are entitled to qualified immunity at this time, and as such, Defendants' Motion to Dismiss is otherwise denied.

**I.      Official Capacity Claims**

Defendant argues that the claims brought against Defendants in their official capacity must be dismissed because a § 1983 lawsuit against a municipal officer in his official capacity is treated as an action against the municipality. ECF No. 10-2 at 5. However, in the Court's Screening Order dated September 5, 2025, this Court dismissed Monroe County as a defendant. ECF No. 7 at 3. Nevertheless, pursuant to the Prison Litigation Reform Act (the "PLRA"), this Court may dismiss

---

[2] Plaintiff seeks injunctive relief against Defendants Prince and Thorpe, requiring them to be retrained, ECF No. 1 at 5, and to stop "randomly re-housing or mov[ing] people," ECF No. 1-1 at 16. "In the Second Circuit, 'an inmate's transfer from a [facility] generally moots claims for declaratory and injunctive relief against officials of that facility.'" *Collymore v. Comm'r of D.O.C.*, 21-CV-303, 2024 WL 4564579, at *2 (D. Conn. Oct. 24, 2024) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006), *abrogated on other grounds*). Here, as Plaintiff is no longer incarcerated at Monroe County Jail, *see* ECF No. 15, his claims for injunctive relief are dismissed as moot.

any action if it fails to state a claim or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1). Thus, the Court dismisses the claims brought against Defendants in their official capacity.

Here, Plaintiff brings claims against Defendants in their official capacity, which are functionally equivalent to a suit against the municipality. *See Baines v. Masiello*, 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003) ("[A] suit against a municipal officer in his or her official capacity is functionally equivalent to a suit against the entity of which the officer is an agent."). Previously, in its September 5, 2025 Screening Order, this Court advised Plaintiff of the requirements for properly asserting a § 1983 claim against Monroe County. ECF No. 7 at 3 (explaining that to allege a municipal liability claim, plaintiff must show (1) an official custom or policy (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right). Additionally, in its Screening Order, this Court gave Plaintiff leave to amend and replead his claims against Monroe County. *Id.* However, Plaintiff never took the opportunity to amend and to articulate an official custom or policy that caused Plaintiff to be subjected to a denial of a constitutional right. *See Ekeoma v. City of New York*, No. 23-CV-946, 2025 WL 2952562, at *3 (E.D.N.Y. Oct. 8, 2025) ("a plaintiff will not be granted endless chances to amend a complaint" (internal quotation marks omitted)). As such, Plaintiff, in his Complaint, has failed to state a claim against Defendants in their official capacity. Thus, Defendants' Motion to Dismiss Plaintiff's claims against Defendants in their official capacity is granted.

## II.    Administrative Remedies

Next, Defendants argue that the claims brought against them in their individual capacities must be dismissed because Plaintiff failed to exhaust his administrative remedies. ECF No. 10-2 at 6. The PLRA requires a "prisoner confined in any jail, prison, or other correctional facility" to

exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (holding that exhaustion is "mandatory"). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). A prisoner must utilize the available grievance procedures, "regardless of whether the relief sought is offered through those procedures." *Espinal*, 558 F.3d at 124. Thus, to properly exhaust administrative remedies, a prisoner must use "all steps that the agency holds out." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). He also must comply with the facility grievance "system's critical procedural rules," *Woodford*, 548 U.S. at 95, including time limits, *Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011).

There is no question that the PLRA requirements apply in this case because Plaintiff was incarcerated when he filed the complaint, and Plaintiff alleged that while incarcerated, his civil rights were violated by jail staff. *See* ECF No. 1; 42 U.S.C. § 1997e(a). Therefore, he would need to have exhausted his administrative remedies prior to filing this suit. 42 U.S.C. § 1997e(a). However, the failure to exhaust is an affirmative defense under the PLRA, and, as such, Plaintiff does not need to plead that he exhausted his administrative remedies in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.")

Defendants bear the initial burden of establishing that a grievance process exists. *Brooks v. Mullen*, No. 14-CV-6690, 2020 WL 2512868, at *2 (W.D.N.Y. May 15, 2020). Here, even if the

Court were to assume that Defendants have met their burden[3] of showing that the grievance process exists through their citation to a case and a Jail Bureau General Order, ECF No. 10-2 at 7, to the extent that Defendants argue that Plaintiff has failed to administratively exhaust his remedies, this Court is not persuaded because at this stage, Plaintiff is not required to have affirmatively shown that he exhausted his administrative remedies.[4]

At the motion to dismiss stage, the Court accepts factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Faber*, 648 F.3d at 104. A court may dismiss a complaint under Rule 12(b)(6) if non-exhaustion is clear from the face of the complaint. *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). Here, non-exhaustion is simply not clear from the face of Plaintiff's complaint. In his complaint, Plaintiff admits that he did not file a grievance. ECF No. 1 at 7. However, the Court must consider whether Plaintiff's non-exhaustion is excused. *Ross*, 578 U.S. at 642. Under the PLRA, the only excuse for non-exhaustion is that the administrative remedy was unavailable. *Id*. Generally, there are three circumstances where an administrative remedy is considered unavailable: (1) when it operates "as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) when "prison administrators thwart

---

[3] Nonetheless, Defendants bear the initial burden of establishing the affirmative defense of non-exhaustion "by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures which demonstrate that a grievance process exists and applies to the underlying dispute." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 126 n.6 (2d Cir. 2016) (internal quotation marks omitted). Here, the Court is skeptical that Defendants have met their initial burden of establishing that a grievance process exists where they cite to a case, *Adams v. Whitehair*, No. 21-CV-6298, 2025 WL 2022588 (W.D.N.Y July 2025), and to Jail Bureau General Order No. 023-19. ECF No. 10-2 at 6-7. Defendants have not submitted a copy of the case they cite to nor the Jail Bureau General Order to this Court, and even if they had, the Court would not be able to consider them at this motion to dismiss stage. Even assuming Defendants have met their initial burden of showing that a grievance process exists, it is not clear on its face that Plaintiff failed to exhaust his administrative remedies where he alleges that the process was unavailable to him. *See* ECF No. 1 at 8.

[4] Defendants also argue that Plaintiff did not exhaust the complaint process, ECF No. 10-2 at 7-8. However, Plaintiff is not required to affirmatively show that he exhausted such process at this stage. Further, Defendants provide nothing to substantiate such allegation.

inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44.

In this case, it can be said that the jail administrators may have thwarted Plaintiff from taking advantage of the grievance process, because Plaintiff, in his Complaint, alleges that he "asked for grievance forms to no avail." ECF No. 1 at 8. Plaintiff explains that on October 7, 2022, he "asked [the] Housing Deputy for . . . a grievance form. . . [because he was] in extreme danger," as a result of his re-housing. ECF No. 1-1 at 10. Plaintiff then alleges that the Housing Deputy then refused to provide him with a grievance form, stating, "You cannot grieve something that does not exist." *Id.*

In the instant case, for the reasons discussed above, the Court concludes that Plaintiff's failure to exhaust is not clear on the face of his complaint, as Plaintiff has pointed to reasons why the grievance process may have been unavailable to him. *See id.* Thus, Defendants' Motion to Dismiss is denied.

### III.   Qualified Immunity

Defendants argue that dismissal is warranted because Defendants are entitled to qualified immunity. ECF No. 10-2 at 9. First, Defendants argue that Plaintiff failed to overcome his burden to show that Defendants are not entitled to qualified immunity. *Id.* at 11. Second, Defendants argue that Plaintiff's asserted right was not "clearly established." *Id.* at 18.

#### A.  Burden

Defendants argue that it is Plaintiff's burden to overcome qualified immunity, and that the Court must dismiss the claims because he has failed to meet that burden. *Id.* at 11. Defendants argue that the Second Circuit's precedent that defendants shall bear the burden of showing that they are entitled to qualified immunity is wrong, and assert that, instead, a plaintiff should bear the

burden to overcome a defendant's entitlement to qualified immunity. *Id.* at 12. Specifically, Defendants argue that the Second Circuit's approach is "built on a misreading of Supreme Court precedent." *Id.*

"For a district court to ignore binding Second Circuit precedent, it is not enough for a Supreme Court decision to be in tension with that precedent." *King v. Habib Bank Ltd.*, No. 20 CIV. 4322, 2023 WL 8355359, at *1 (S.D.N.Y. Dec. 1, 2023). A district court "must follow Second Circuit precedent 'unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit.'" *Id.* (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015)).

Here, Defendants have not pointed to a Second Circuit decision nor a Supreme Court case that so undermines the Second Circuit's previous decisions concluding that it is a defendant's burden to show they are entitled to qualified immunity. *See King*, 2023 WL 8355359, at *1. As such, the Court denies Defendants' Motion to Dismiss based on their qualified immunity burden argument.

### B. Clearly Established

Second, Defendants argue dismissal is warranted because Plaintiff's asserted right was not clearly established, and thus, Defendants are entitled to qualified immunity. ECF No. 10-2 at 18. The Court rejects this argument.

The doctrine of qualified immunity "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Soto v. Gaudett*, 862 F.3d 148, 156 (2d Cir. 2017) (internal quotation marks omitted). "Qualified immunity gives government officials breathing room to

make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (internal quotation marks omitted). "To determine whether a defendant is entitled to qualified immunity, courts ask whether the facts shown 'make out a violation of a constitutional right' and 'whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct.'" *Estate of Devine*, 676 F. App'x 61, 62 (2d Cir. 2017) (summary order) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

"As it relates to the second step, the focus is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Jones v. Treubig*, 963 F.3d 214, 224 (2d Cir. 2020) (internal quotation marks omitted). The Supreme Court has warned that the use of excessive force "is an area of the law in which the result depends very much on the facts of each case," and general statements of the law "do not by themselves create clearly established law" outside the obvious cases. *Kisela v. Hughes*, 584 U.S. 100, 104-05 (2018) (internal quotation marks omitted) ("[I]t does not suffice for a court simply to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness."). In other words, specificity "is especially important" in these sorts of cases. *Id.* at 104. Thus, "[a]lthough a case does not need to be directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Estate of Priolo v. City of N.Y.*, No. 15-CV-6080, 2019 WL 1428403, at *4 (E.D.N.Y. Mar. 29, 2019) (internal quotation marks omitted). "Precedent involving similar facts can help move a case beyond the otherwise hazy border between excessive and acceptable force, and thereby provide an officer notice that a specific use of force is unlawful." *Id.* (internal quotation marks omitted).

At the motion to dismiss stage, the Court takes Plaintiff's allegations as true. *Faber*, 648 F.3d at 104. Here, Plaintiff alleges that he had warned Defendants and they failed to protect him. ECF No. 1. At the time of the incident in question, "it was clearly established that a corrections officer violates the Eighth Amendment when he has knowledge that an inmate 'faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.'" *Lefler v. Ferraro*, No. 22-CV-6468-FPG, 2025 WL 489331, at *5 (W.D.N.Y. Feb. 13, 2025) (citing *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)). Thus, the Court cannot conclude that Defendants are entitled to qualified immunity at this time.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 10, is GRANTED in PART and DENIED IN PART. Plaintiff's claims against Defendants in their official capacity are DISMISSED WITH PREJUDICE. Plaintiff's claims for injunctive relief are DISMISSED AS MOOT. Defendants shall answer Plaintiff's complaint as to the remaining claims by August 19, 2026.

IT IS SO ORDERED.

Dated: July 20, 2026
      Rochester, New York

 

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

10